IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREME MYLES BEARDALL,

    Plaintiff,

v.

CITY OF HILLSBORO; WASHINGTON
COUNTY; and SHERIFF GARRETT,

    Defendants.

Case No. 3:19-cv-00489-YY

ORDER TO DISMISS

MOSMAN, Chief Judge.

Plaintiff, an inmate at the Washington County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the Court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

Plaintiff alleges that Defendants are holding him against his will, and that he has been incarcerated based on hearsay statements and "no evidence to prove any reasonable doubt." By way

1 - ORDER TO DISMISS -

of remedy, Plaintiff requests the court to "make the police officers do full investigation before they are allowed to incriminate" Plaintiff, to require Washington County to pay court appointed attorneys enough to ensure each person accused gets proper and adequate counsel, and for money damages for Plaintiff's wrongful incarceration.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). "Persons" under § 1983

2 - ORDER TO DISMISS -

are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996). The "Washington County Jail" is managed by and/or a department of Washington County, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983"); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) ("[a]lthough municipalities, such as cities and counties, are amenable to suit under *Monell*, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983") (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the Washington County Jail.

To the extent Plaintiff intends to assert a claim against Washington County itself, or against the City of Hillsboro, his allegations are also insufficient. A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Washington County and the City of Hillsboro may not be held vicariously liable under § 1983 simply based on allegedly unconstitutional acts of their employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. Instead, the municipalities may be held liable "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

3 - ORDER TO DISMISS -

Finally, to the extent Plaintiff seeks money damages against any of the Defendants for his alleged illegal incarceration, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a § 1983 cause of action for damages challenging the fact of incarceration is precluded unless the conviction or sentence resulting in the incarceration has been invalidated, expunged, or reversed. *Id.* at 487. Because Plaintiff fails to allege the legality of his current incarceration has been invalidated, his claims must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint will result in the dismissal of this proceeding.

Because Plaintiff has not demonstrated extraordinary circumstances, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 3).

IT IS SO ORDERED.

DATED this ___ day of April, 2019.

Michael W. Mosman
United States Chief District Judge

4 - ORDER TO DISMISS -